IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

CLAUDE DAVIS,

        Petitioner,

    v.
                           CIVIL ACTION NO.  2:18cv62

HAROLD W. CLARKE, Director,
Virginia Department of Corrections,

        Respondent.

## REPORT AND RECOMMENDATION

    This matter is before the Court on Petitioner Claude Davis's ("Petitioner") *pro se* Petition for a Writ of Habeas Corpus ("the Petition") filed pursuant to 28 U.S.C. § 2254, ECF No. 3, and Respondent Harold W. Clarke's ("Respondent") Motion to Dismiss, ECF No. 8.  The matter was referred for a recommended disposition to the undersigned United States Magistrate Judge ("undersigned") pursuant to 28 U.S.C. §§ 636(b)(1)(B) and (C), Federal Rule of Civil Procedure 72(b), Eastern District of Virginia Local Civil Rule 72, and the April 2, 2002, Standing Order on Assignment of Certain Matters to United States Magistrate Judges.  The undersigned makes this recommendation without a hearing pursuant to Federal Rule of Civil Procedure 78(b) and Eastern District of Virginia Local Civil Rule 7(J).  For the following reasons, the undersigned **RECOMMENDS** that the Respondent's Motion to Dismiss, ECF No. 8, be **GRANTED,** and the Petition, ECF No. 3, be **DENIED** and **DISMISSED WITH PREJUDICE**.

### I. FACTUAL AND PROCEDURAL BACKGROUND

    Petitioner is currently serving a nine year and six month sentence in the Virginia Department of Corrections ("VDOC") pursuant to the April 21, 2014 Final Judgment of the

Circuit Court of the City of Newport News, Virginia ("Trial Court"), following a jury trial in which Petitioner was convicted of attempted arson, breaking and entering with intent to commit larceny, grand larceny, and violation of a protective order. ECF No. 1 at 1; ECF No. 10, attach. 1. Petitioner was represented at trial by Attorney Joshua Goff ("Defense Counsel"). ECF Nos. 1 at 16 and 10, attach. 1. According to the factual findings of the Court of Appeals of Virginia, Petitioner's convictions arise out of the following factual background:

> Stephanie Tam-Davis (Tam-Davis) – the victim in this matter – married [Petitioner] on August 8, 2008. They lived together in her house at 1420 24th Street in Newport News, Virginia. [Petitioner] was aware of the working security system in the house. The system was located in the closet in Tam-Davis's bedroom, and monitored by ADT Security Services. The couple eventually separated. On April 26, 2011, Tam-Davis was awarded a protective order against [Petitioner]. The protective order also awarded Tam-Davis possession of the 1420 24th Street residence, and barred [Petitioner] from the property. [Petitioner] was ordered to have no further contact with Tam-Davis or her two children. Tam-Davis subsequently changed all of the locks on her home with the exception of the lock on the storage shed, which was attached to the home. Tam-Davis also changed the code to the alarm at the house.

> <u>May 21, 2011 Incident</u>

> On May 21, 2011, Tam-Davis received a phone call from ADT Security Services, notifying her that the alarm in her home had been triggered (she and her children had been out all day). Tam-Davis went home immediately, arrived "between 6:20 and 6:30," and when she went inside, "noticed there was a light or something coming from the kitchen as I got closer, I heard a ticking sound." She soon realized that the light was a lit candle sitting directly next to the stove, and the ticking sound was the sound of the stove before the pilot light ignited. She observed that one burner had been taken apart, and its knob had been turned on. She had left the stove intact and off that morning. The now-lit candle by the stove had been in her bedroom on the dresser near her jewelry box when she left that morning. While in the kitchen, Tam-Davis heard her daughter scream "Mommy"! When she ran to her daughter's bedroom, she saw a big hole in the bedroom wall leading into the storage shed. The hole was in the location of an old window that had been plastered over and boarded up. Tam-David then noticed that some of her jewelry had been stolen from her own bedroom. When she left the house that morning, her jewelry box was "closed up." However, when she returned that evening, '[i]t was kind of ajar" and some of its contents were missing.

Joshua Bennett (Bennett), an installation manager at ADT Security Services, testified that on May 21, 2011, the alarm system at Tam-Davis's house sent multiple "siren supervisory trouble" signals to ADT Security. Bennett described siren supervisory trouble as a signal the security system at the house sends ADT Security Services when the system has lost contact with the siren. The siren normally can be triggered to make a loud noise when the system has an alarm event. However, ADT received the first signal indicating that the siren had been disconnected from the system on May 21, at 6:20 p.m. Disconnecting the siren would have caused the alarm to go off without sound. At 6:23 p.m., ADT Security received another signal from Tam-Davis's house, this time indicating that the interior motion detector detected movement. Bennett testified that once an ADT alarm system goes into "alarm" – as it did here when the siren was disconnected – the system looks for movement in the house. At 6:26:02 p.m., six minutes after ADT received notice that the alarm was disconnected, ADT received a signal indicating that a door had been tripped.

Officer Charles Griffith (Officer Griffith), a police officer from the Newport News Police Department, arrived at Tam-Davis's house at 6:52 p.m. Upon being led into the house, Officer Griffith immediately detected a strong odor of gas that became stronger as he moved to the kitchen. Officer Griffith observed a lit candle sitting on the counter next to the gas stove in the kitchen, which he blew out. Tam-Davis also testified that she thought she may have been the one to blow the candle out. Either way, there is no testimony to suggest that the candle was not lit at the time Tam-Davis arrived at her home. One of the burners had been taken off the stove. Officer Griffith noticed that the storage shed was unlocked and testified that the words "you're next" had been scratched into the side. Officer Griffith observed that all doors and windows were secured on the exterior of the house and that the only sign of forced entry was the hole from the storage shed into the bedrooms. Captain John Marr, Jr. (Captain Marr), the Deputy Fire Marshal for Newport News, testified, "[The lit candle and turned on gas] was set up to be an explosive device. The gas was cut on to free-flow, a flame-producing device, meaning the candle had been lit and placed in-between the area next to the gas, right-front burner." Captain Marr said that free-flowing natural gas like that was a very flammable accelerant.

On May 23, 2011 – just two days after the incident – [Petitioner] went to Mr. EZ Pawn in Chesapeake to pawn four ladies' rings. Leigh Perry (Perry), the General manager of EZ Pawn, took and retained a picture of [Petitioner} for the store records. At trial, Perry identified [Petitioner} as the man in the picture. Tam-Davis gave a description of each of the four stolen rings later recovered from the pawnshop, and testified to their value, which totaled more than $200 in the aggregate.

On June 9, 2011, [Petitioner] was arrested and a search of the safe in his hotel room revealed three of [Petitioner]'s identification cards, a pawn ticket from Mr. EZ Pawn, jewelry, a camera, and a cell phone. Some of the jewelry

3

recovered from the safe was the same jewelry that had gone missing from the victim's jewelry box.

Troy Fields (Fields), the only defense witness, testified that he met [Petitioner] around February of 2011 at work. They both worked at Metro Machine. Fields testified that on May 21, 2011, they had decided to go play pool after work and that it was the only time he had "hung out together" with [Petitioner]. He recalled that he was sure it was a Friday and that he had worked with [Petitioner] earlier that same day. Fields testified that he arrived at Long Shots bar sometime between 5:45 p.m. and 6:15 p.m. to find [Petitioner] already there. He said they did not leave until 11:00 p.m. or 11:30 p.m.

Michael Rice (Rice), the CFO of a staffing agency for shipyard workers, staffed workers with Metro Machine in 2011. As part of his staffing duties, Rice handled payroll for his employees. Rice would take work logs that Metro Machine sent to him, and then pay each worker based on his or her work logged. Rice testified that he had an independent recollection of [Petitioner]. After looking at a work log from Metro Machine, Rice also recalled that he did not pay [Petitioner] for working on May 21, 2011 and that May 21, 2011 was a Saturday. On cross-examination, Rice confirmed that the only reason he remembered not paying [Petitioner] was because he used the work log to refresh his memory. [Petitioner]'s counsel made a motion to strike Rice's testimony, and argued that Rice testified that the only reason he remembered not paying [Petitioner] for May 21 was that he looked at the work log record, which should not be admitted because Rice was not the custodian of the record and it was not authenticated. However, the Commonwealth did not attempt to admit the record at this stage. The circuit court overruled [Petitioner]'s objection and said, "I think that goes to credibility but not admissibility of his testimony." The circuit court did not admit the work log as evidence at trial.

*Davis v. Commonwealth*, 778 S.E.2d 557, 560-62 (Va. App. 2015); ECF No. 10, attach. 3 at 2-5.[1]

Because the procedural background of this case is integral to the Court's recommended disposition thereof, the undersigned will now articulate a chronology of Petitioner's appellate efforts and endeavors to obtain state and federal habeas relief.

Petitioner timely appealed his conviction to the Court of Appeals of Virginia, who *per curiam* granted his petition in part and denied his petition in part. ECF No. 10, attach. 2 at 1. On November 24, 2018, the Court of Appeals of Virginia affirmed Petitioner's convictions. *Id.*,

---

[1] The copy of this opinion submitted by Respondent is missing pages 5 and 6, omitting a large portion of the factual findings of the Court of Appeals of Virginia. The full opinion is found at *Davis v. Commonwealth*, 778 S.E.2d 557 (Va. App. 2015).

attach. 3 at 15.   Petitioner appealed to the Supreme Court of Virginia and raised three

assignments of error:

> (1) The Court of Appeals erred in affirming the Trial Court's denial of Petitioner's request for a *Franks* hearing;
>
> (2) The Court of Appeals erred in affirming the Trial Court's decision to overrule Petitioner's hearsay objection to the testimony of Michael Rice; and
>
> (3) The Trial Court erred in denying Petitioner's motion to strike evidence.

Pet. for Appeal at 15-16, *Davis v. Commonwealth*, Record No. 151892 (Va. July 5, 2016).  The

Supreme Court of Virginia refused Petitioner's petition for appeal on July 5, 2016.  ECF No. 10,

attach. 4.

On May 19, 2017, Petitioner timely filed a state petition for writ of habeas corpus with

the Supreme Court of Virginia, alleging the following grounds:

> (A) Petitioner is "[a]ctually and factually innocence [sic]: on unimpeached alibi witness Troy L. Fields and receipts from Longshots Billiards;"
>
> (B) Counsel was ineffective for failing to subpoena key reports and key witnesses, and counsel was dishonest with Petitioner;
>
> (C) The prosecutor knowingly used tainted evidence and testimony, giving rise to prosecutorial misconduct;
>
> (D) The Trial Court abused its discretion by denying Petitioner's motion for a *Franks* hearing; and
>
> (E) the Trial Court abused its discretion by denying Petitioner's motion to strike evidence.

Pet. for Writ of Habeas Corpus at 3, *Davis v. Commonwealth*, Record No. 170716 (Va. Jan. 5,

2018).  Petitioner subsequently filed a Corrected Memorandum in Support of his petition for writ

of habeas corpus with additional claims as follows:

(1) Petitioner was denied his Fifth, Sixth, and Fourteenth Amendment right to effective assistance of counsel during the crucial stages of the proceedings, thus violating Petitioner's right to due process and equal protection of the law;[2]

(2) Petitioner was denied his Fifth, Sixth, and Fourteenth Amendment right to effective assistance of counsel when Defense Counsel failed to subpoena key witnesses to support his alibi defense;

(3) The Trial Court abused its discretion by denying Petitioner's motion to strike evidence;

(5)[3] The Trial Court abused its discretion when it denied Petitioner's *Franks* hearing in violation of a United States Supreme Court Rule and Petitioner's Fourth Amendment Due Process rights;[4]

(6) Petitioner is actually innocent; and

(7) Petitioner is wrongfully and unjustly incarcerated because of his actual innocence, constituting cruel and unusual punishment.

Corrected Mem. in Supp. of Pet. for Writ of Habeas Corpus at 3-36, *Davis v. Commonwealth*, Record No. 170716 (Va. Jan. 5, 2018).  On January 5, 2018, the Supreme Court of Virginia dismissed Petitioner's state habeas petition.  ECF No. 10, attach. 5.

Petitioner filed a *pro se* Section 2254 petition for federal habeas relief in this Court on February 5, 2018.  ECF No. 1.  Petitioner subsequently filed an Amended Petition ("the Petition").  ECF No. 3.  Giving Petitioner the benefit of liberal construction, Petitioner appears to raise the following claims:

Ground One: The prosecution failed to follow the rules of a Trial Court discovery order, thus violating Petitioner's Fifth Amendment rights;

Ground Two: Defense Counsel was ineffective when he failed to subpoena key police reports and witnesses, and was dishonest with Petitioner;

---

[2] While Petitioner captions his claim this way, this is not reflected in the substance of his claim, which essentially contends that (a) the prosecution violated the Trial Court's discovery order and (b) the prosecution violated *Brady* by failing to turn over exculpatory evidence. Corrected Mem. in Supp. of Pet. for Writ of Habeas Corpus at 4-5, *Davis v. Commonwealth*, Record No. 170716 (Va. Jan. 5, 2018).

[3] There is no claim (4).

[4] While not a formal claim, in support of claim (5) Petitioner argues that Petitioner's hotel safe was illegally seized without a warrant.  Corrected Mem. in Supp. of Pet. for Writ of Habeas Corpus at 25, *Davis v. Commonwealth*, Record No. 170716 (Va. Jan. 5, 2018).

> Ground Three: The Trial Court abused its discretion when it denied Petitioner's motion to strike evidence in violations of the Fourteenth Amendment;
>
> Ground Four: The Trial Court abused its discretion when it denied Petitioner's motion for a *Franks* hearing in violation of the rule of the Supreme Court and the Fourth Amendment;
>
> Ground Six:[5] Petitioner is actually innocent;
>
> Ground Seven: Petitioner is wrongfully and unjustly incarcerated in violation of the Eighth Amendment because of his actual innocence.

ECF No. 3.  On May 15, 2018, Respondent filed a Motion to Dismiss, a Rule 5 Answer, and a Brief in Support of the Motion to Dismiss.[6]  ECF Nos. 8-10.  Petitioner has failed to reply to Respondent's Rule 5 Answer and Motion to Dismiss and the time to do so has expired. Accordingly, this matter is ripe for recommended disposition.

## II. DISCUSSION

A. <u>Exhaustion and Procedural Default</u>

Before considering the merits of a federal habeas petition, the preliminary inquiry must be whether Petitioner appropriately exhausted the grounds asserted in the Petition, and/or whether Petitioner has procedurally defaulted on his claims such that these grounds are simultaneously exhausted and defaulted for purposes of federal habeas review.

*1. Exhaustion*

Section 2254 allows a prisoner held in state custody to challenge his detention on the ground that his custody violates the "Constitution or laws or treaties of the United States."  28

---

[5] There is no Ground Five.

[6] Petitioner filed a Motion for Default Judgement on June 4, 2018, arguing that Respondent filed these pleadings late, as they were due on May 14, 2018.  ECF No. 13.  Respondent subsequently filed a Motion for Extension of Time/Motion to File Out of Time, stating that Respondent made a calculation error, believing the filing deadline fell on May 16, 2018, and did not realize, until receipt of Petitioner's Motion, that Respondent's pleadings were submitted late.  ECF No. 14.  The Court granted Respondent's Motion for leave and considered Respondent's pleadings timely filed.  ECF No. 17.  The Court then dismissed as moot Petitioner's Motion for Default Judgment, in light of its Order granting Respondent's Motion.  ECF No. 19.

U.S.C. § 2254(a). A state prisoner, however, must exhaust his available state remedies or demonstrate the absence or ineffectiveness of such remedies before petitioning for federal habeas relief to give "state courts the first opportunity to consider alleged constitutional errors occurring in a state prisoner's trial and sentencing." *Breard v. Pruett*, 134 F.3d 615, 619 (4th Cir. 1998). Importantly, "[t]he burden of proving that a claim is exhausted lies with the habeas petitioner." *Id.* at 618. The exhaustion requirement is satisfied if the prisoner seeks review of his claim in the highest state court with jurisdiction to consider it through either direct appeal or post-conviction proceedings, *see O'Sullivan v. Boerckel*, 526 U.S. 838, 844-45 (1999), and the "essential legal theories and factual allegations advanced in the federal court [are] the same as those advanced at least once to the highest state court," *Pruett v. Thompson*, 771 F. Supp. 1428, 1436 (E.D. Va. 1991), *aff'd in Pruett v. Thompson*, 996 F.2d 1560 (4th Cir. 1993). "Thus, a petitioner convicted in Virginia first must have presented the same factual and legal claims raised in his federal habeas corpus application to the Supreme Court of Virginia on direct appeal or in a state habeas corpus petition." *Moody v. Dir., Va. Dep't of Corr.*, 1:14cv1581, 2016 WL 927184, at *3 (E.D. Va. Mar. 3, 2016), *appeal dismissed*, 669 F. App'x 160 (4th Cir. 2016) (citing *Duncan v. Henry*, 513 U.S. 364 (1995)).

### 2. Procedural Default

"A distinct but related limit on the scope of federal habeas review is the doctrine of procedural default." *Breard*, 134 F.3d at 619. As the Fourth Circuit has explained, the procedural default doctrine provides that "[i]f a state court clearly and expressly bases its dismissal of a habeas petitioner's claim on a state procedural rule, and that procedural rule provides an independent and adequate ground for the dismissal, the habeas petitioner has procedurally defaulted his federal habeas claim." *Id.* at 619 (citing *Coleman v. Thompson*, 501

U.S. 722, 731-32 (1991)); *see also Hedrick v. True*, 443 F.3d 342, 359 (4th Cir. 2006) ("A federal claim is deemed procedurally defaulted where 'a state court has declined to consider the claim's merits on the basis of an adequate and independent state procedural rule.' . . . A federal court cannot review a procedurally defaulted claim unless the prisoner can demonstrate cause and prejudice for the default or a fundamental miscarriage of justice." (quoting *Fisher v. Angelone*, 163 F.3d 835, 844 (4th Cir. 1998)) (internal citations omitted). As the Supreme Court recently observed, "[t]he procedural default doctrine thus advances the same comity, finality, and federalism interests advanced by the exhaustion doctrine." *Davila v. Davis*, 137 S. Ct. 2058, 2064 (2017) (citing *McCleskey v. Zant*, 499 U.S. 467, 493 (1991)).

Additionally, a petitioner seeking federal habeas relief also procedurally defaults his claims when he "fails to exhaust available state remedies and 'the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred.'" *Breard*, 134 F.3d at 619 (quoting *Coleman*, 501 U.S. at 735 n.1). When considering a petition for federal habeas corpus, § 2254(d) mandates that a state court's finding of procedural default be presumed correct, provided that the state court relied explicitly on procedural grounds to deny petitioner relief and that the procedural rule relied on is an independent and adequate state ground for denying relief. *See Ford v. Georgia*, 498 U.S. 411, 423-24 (1991) (explaining that "an adequate and independent state procedural bar to the entertainment of constitutional claims must have been 'firmly established and regularly followed' by the time as of which it is to be applied") (citing *James v. Kentucky*, 466 U.S. 341, 348-51 (1984)).

Absent a showing of cause for the default and prejudice or a fundamental miscarriage of justice (such as actual innocence), this Court cannot review the merits of a defaulted claim.

*See Harris v. Reed*, 489 U.S. 255, 262 (1989); *see also Sparrow v. Dir., Dep't of Corr.*, 439 F. Supp. 2d 584, 588 (E.D. Va. 2006) (explaining that "a petitioner may nonetheless overcome procedural default, and have his claims addressed on the merits, by showing either cause and prejudice for the default, or that a miscarriage of justice would result from the lack of such review") (citing *Coleman*, 501 U.S. at 750; *Savino v. Murray*, 82 F.3d 593, 602 (4th Cir. 1996)). The Fourth Circuit has held that "[t]o establish cause, a petitioner must 'show that some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule.'" *Hedrick*, 443 F.3d at 366 (quoting *Murray v. Carrier*, 477 U.S. 478, 488 (1986)); *see also Davila*, 137 S. Ct. at 2065 ("A factor is external to the defense if it 'cannot fairly be attributed to' the prisoner.") (quoting *Coleman*, 501 U.S. at 753). "This requires a demonstration that 'the factual or legal basis for the claim was not reasonably available to the claimant at the time of the state proceeding.'" *Hedrick*, 443 F.3d at 366 (quoting *Roach v. Angelone*, 176 F.3d 210, 222 (4th Cir. 1999)). "Importantly, a court need not consider the issue of prejudice in the absence of cause." *Booker v. Clarke*, 1:15cv781, 2016 WL 4718951, at *5 (E.D. Va. Sept. 8, 2016), *appeal dismissed*, 678 F. App'x 152 (4th Cir. 2017), *cert. denied*, 138 S. Ct. 234, 199 L. Ed. 2d 152 (2017), *reh'g denied*, 138 S. Ct. 538, 199 L. Ed. 2d 414 (2017) (citing *Kornahrens v. Evatt*, 66 F.3d 1350, 1359 (4th Cir. 1995), *cert. denied*, 517 U.S. 1171 (1996)).

### 3. Petitioner's Grounds One, Three, Four, Six, and Seven are Exhausted and Procedurally Defaulted

Ground One asserts that the prosecution failed to follow the rules of a Trial Court discovery order, thus violating Petitioner's Fifth Amendment rights. Petitioner does not appear to have formally raised this claim in any of his state filings. However, upon closer observation, Petitioner made similar arguments in support of claim (1) of his state habeas petition. Corrected

Mem. in Supp. of Pet. for Writ of Habeas Corpus at 4-5, *Davis v. Commonwealth*, Record No. 170716 (Va. Jan. 5, 2018). While the caption of Petitioner's state habeas claim (1) asserted that Petitioner was denied his Fifth, Sixth, and Fourteenth Amendment right to effective assistance of counsel when Defense Counsel failed to subpoena key witnesses to support his alibi defense, the substance of Petitioner's argument did not address ineffective assistance, but rather made the argument that the prosecution violated the Trial Court's discovery order and violated *Brady* in failing to turn over exculpatory evidence. *Id.* Ground One presently before the Court is consistent with that prior substantive argument raised before the Supreme Court of Virginia and the Supreme Court of Virginia addressed that argument in resolving Petitioner's state habeas petition. ECF No. 10, attach. 5 at 2-3. Because of this, the Court will give Petitioner the benefit of liberal construction and consider the Petition's Ground One to be properly exhausted, consistent with the substantive argument made in support of Petitioner's state habeas petition claim (1). However, in addressing this argument, the Supreme Court of Virginia ruled that this claim was "barred because this non-jurisdiction issue could have been raised at trial and on direct appeal and, thus is not cognizable in a petition for writ of habeas corpus." ECF No. 10, attach. 5 at 7 (citing *Slayton v. Parrigan*, 215 Va. 27 (1974), *cert. denied*, 419 U.S. 1108 (1975)). This form of procedural default constitutes an adequate and independent state law ground. Because Ground One has been procedurally defaulted in state court, this Court may not reach its merits. *See Hedrick*, 443 F.3d at 359; *Watson v. Clarke*, 2:17cv197, 2018 U.S. Dist. LEXIS 161636, at *34 (E.D. Va. July 10, 2018). This is the case unless Petitioner overcomes the procedural default by "demonstrat[ing] cause and prejudice for the default or demonstrat[ing] that failure to review the claim[] will result in a fundamental miscarriage of justice." *Edwards*, 2010 WL 5825427, at *3 (citing *Coleman*, 501 U.S. at 750; *Savino*, 82 F.3d at 602).[7]

---

[7] Whether Petitioner can overcome procedural default is discussed *infra* in Section II.A.4.

Ground Two of the Petition asserts that Defense Counsel was ineffective when he failed to subpoena key police reports and witnesses, and was dishonest with Petitioner. ECF No. 3 at 7. As Respondent concedes, Petitioner did raise this claim before the Supreme Court of Virginia as state habeas ground (B) and this claim has been exhausted. Pet. for Writ of Habeas Corpus at 3, *Davis v. Commonwealth*, Record No. 170716 (Va. Jan. 5, 2018); ECF No. 10, at 16.   In addressing this claim, the Supreme Court of Virginia reached the merits and did not find procedural default. ECF No. 10, attach. 5 at 1-2.   Therefore, Petitioner's Ground Two is exhausted and not procedurally defaulted, and the merits of this claim are discussed in Section II.C, *infra*.

Petitioner's Ground Three asserts that the Trial Court abused its discretion when it denied Petitioner's motion to strike evidence in violation of the Fourteenth Amendment because there was insufficient evidence to support a conviction due to a lack of cell phone records, eye witnesses, or DNA to place him at or near the scene of the crime, and the single fingerprint allegedly recovered was not determined to be Petitioner's. ECF No. 3 at 8.   As Respondent concedes, Petitioner raised this same claim to the Supreme Court of Virginia on direct appeal as his third assignment of error. Pet. for Appeal at 30-34, *Davis v. Commonwealth*, Record No. 151892 (Va. July 5, 2016); ECF No. 10, at 16; *see also* ECF No. 10, attach. 4. Petitioner also raised this as ground (E) and as a portion of claim (3) in his state habeas petition. ECF No. 10, attach. 5 at 2. Therefore, the Petition's Ground Three is exhausted.   However, in addressing Petitioner's state habeas petition, the Supreme Court of Virginia ruled that this claim was "barred because this issue was raised and decided in the trial court and on direct appeal from the criminal conviction, and therefore cannot be raised in a habeas corpus petition." ECF No. 10, attach. 5 at 2 (citing *Henry v. Warden*, 265 Va. 246, 249 (2003)).   Because Ground Three has been

12

procedurally defaulted in state court, this Court may not reach its merits. *Hedrick*, 443 F.3d at 359. This is the case unless Petitioner overcomes the procedural default by "demonstrat[ing] cause and prejudice for the default or demonstrat[ing] that failure to review the claim[] will result in a fundamental miscarriage of justice." *Edwards*, 2010 WL 5825427, at *3 (citing *Coleman*, 501 U.S. at 750; *Savino*, 82 F.3d at 602).[8]

Petitioner's Ground Four asserts that the Trial Court abused its discretion when it denied Petitioner's motion for a *Franks* hearing in violation of Supreme Court rule and the Fourth Amendment. ECF No. 3 at 10. As Respondent concedes, Petitioner raised this claim before the Supreme Court of Virginia on direct appeal as his first assignment of error, Pet. for Appeal at 16-23, *Davis v. Commonwealth*, Record No. 151892 (Va. July 5, 2016), and in his state habeas petition as ground (D) and claim (5), Pet. for Writ of Habeas Corpus at 3, *Davis v. Commonwealth*, Record No. 170716 (Va. Jan. 5, 2018) and Corrected Mem. in Supp. of Pet. for Writ of Habeas Corpus at 13, *Davis v. Commonwealth*, Record No. 170716 (Va. Jan. 5, 2018); ECF No. 10 at 17. The Supreme Court of Virginia held ground (D) and claim (5) of Petitioner's state habeas petition were procedurally defaulted and barred "because a petition for a writ of habeas corpus may not be employed as a substitute for an appeal." ECF No. 10, attach. 5 at 2 (citing *Brooks v. Peyton*, 210 Va. 318, 321-22 (1969)). Because Ground Four has been procedurally defaulted in state court, this Court may not reach its merits. *Hedrick*, 443 F.3d at 359. This is the case unless Petitioner overcomes the procedural default by "demonstrat[ing] cause and prejudice for the default or demonstrat[ing] that failure to review the claim[] will result in a fundamental miscarriage of justice." *Edwards*, 2010 WL 5825427, at *3 (citing *Coleman*, 501 U.S. at 750; *Savino*, 82 F.3d at 602).[9] Additionally, Respondent states Petitioner

---

[8] Whether Petitioner can overcome procedural default is discussed *infra* in Section II.A.4.
[9] Whether Petitioner can overcome procedural default is discussed *infra* in Section II.A.4.

claims that "police seized [Petitioner's] safe without a warrant" in the second portion of Ground Four.[10]  ECF No. 10 at 17-18.  While Petitioner does mention that his safe was seized, this appears to merely explain the fruit of the warrant that Petitioner sought to have invalid as being based on an allegedly false affidavit that gave rise to his motion for a *Franks* hearing.  ECF No. 3 at 11.  The Court does not construe any part of Petitioner's Ground Four as raising that the seizure of his safe was unlawful.  Petitioner's claim seems to rest entirely on the Trial Court's denial of his motion for a *Franks* hearing.  Therefore, the Court will not address whether law enforcement lawfully seized Petitioner's safe.

Petitioner's Ground Six[11] asserts that Petitioner is actually innocent because the prosecution failed to prove beyond a reasonable doubt each and every element of the crimes Petitioner was convicted of and that Petitioner produced an unimpeached alibi witness.  ECF No. 3 at 19.  As Respondent concedes, Petitioner raised this issue in his state habeas petition in a portion of ground (A), claim (6), and claim (7), therefore, properly exhausting his claim.  ECF No. 10 at 18 and attach. 5 at 1.  In addressing this issue in Petitioner's state habeas petition, the Supreme Court of Virginia determined this claim was "barred because assertions of actual innocence are governed by Code §§ 19.2-327.1 through - 327.6 and Code §§ 19.2.10 through - 327.14, and are outside the scope of habeas corpus review, which concerns only the legality of the [P]etitioner's detention." *Id.* (citing *Lovitt v. Warden*, 266 Va. 216, 259 (2003)).  Therefore, Petitioner's Ground Six is both exhausted and procedurally defaulted.  Further, actual innocence is not a cognizable free-standing claim, *Herrera v. Collins*, 506 U.S. 390, 404-05 (1993), but can be a vehicle by which to overcome procedural default with regard to Petitioner's other

---

[10] Petitioner did raise this argument before the Supreme Court of Virginia and the Supreme Court found it procedurally defaulted on adequate and independent state law grounds pursuant to *Slayton v. Parrigan*, 215 Va. 27 (1974). ECF No. 10, attach. 5 at 5-6.

[11] Noting again that there is no Ground Five.

cognizable claims, *United States v. Mikalajunas*, 186 F.3d 490, 493 (4th Cir. 1999) ("[I]n order to demonstrate that a miscarriage of justice would result from the refusal of the court to entertain the collateral attack, a movant must show actual innocence by clear and convincing evidence."). As the Supreme Court of Virginia noted, "assertions of actual innocence are governed by [Va.] Code §§ 19.2-327.1 through -327.6 and [Va.] Code §§ 19.2-327.10 through -327.14, and are outside the scope of habeas corpus review." ECF No. 10, attach. 5 at 1. Accordingly, the undersigned **RECOMMENDS** Petitioner's Ground Six be **DISMISSED**.[12]

Petitioner's Ground Seven asserts that Petitioner is wrongfully and unjustly incarcerated in violation of the Eighth Amendment because of his actual innocence. ECF No. 3 at 20-21. Petitioner raised this as claim (7) in his state habeas petition and therefore, this claim has been properly exhausted. ECF No. 10, attach. 5 at 1. However, the Supreme Court of Virginia held that, because this claim argues and relies on Petitioner's claim of actual innocence, it is procedurally barred. *Id.*, attach. 5 at 1. Further, because Petitioner's purported Eighth Amendment constitutional violation relies upon Petitioner's actual innocence claim, and does not constitute an independent constitutional violation, this claim is not a cognizable claim for federal habeas review. *Herrera*, 506 U.S. at 400 (citing *Townsend v. Sain*, 372 U.S. 293, 307 (1963)). Accordingly, the undersigned **RECOMMENDS** Petitioner's Ground Seven be **DISMISSED**.

### 4. *Petitioner's Claim of Actual Innocence Cannot Overcome Procedural Default for Grounds One, Three, and Four*

As noted *supra*, the Court considers Petitioner's assertion of actual innocence in connection with its determination as to whether Petitioner can overcome procedural default. Petitioner may overcome the procedural default for Grounds One, Three, and Four and have

---

[12] While the Court recommends dismissal of Petitioner's claim of actual innocence, the Court will consider this claim to the extent that it provides a basis for Petitioner to overcome procedural default for Grounds One, Three, and Four.

those grounds addressed on the merits if he "is able to demonstrate cause and prejudice for the default or demonstrate that failure to review the claim[] will result in a fundamental miscarriage of justice." *Edwards*, 2010 WL 5825427, at *3 (citing *Coleman*, 501 U.S. at 750; *Savino*, 82 F.3d at 602).

"In order to show 'cause' for the default, [Petitioner] must establish 'that some objective factor external to the defense impeded his efforts to raise the claim in state court at the appropriate time.'" *Breard*, 134 F.3d at 619 (citing *Murray*, 477 U.S. at 488). "The following objective factors may constitute cause: '(1) interference by officials that makes compliance with the State's procedural rule impracticable; (2) a showing that the factual or legal basis for a claim was not reasonably available to counsel; (3) novelty of the claim; and (4) constitutionally ineffective assistance of counsel.'" *Ensley v. Johnson*, 3:10cv543, 2011 WL 6695004, at *5 (E.D. Va. Dec. 21, 2011) (quoting *Wright*, 151 F.3d at 160 n.5). The inquiry focuses, then, on "whether petitioner possessed, or by reasonable means could have obtained, a sufficient basis to allege a claim in the first petition and pursue the matter through the habeas process." *McCleskey*, 499 U.S. at 498. While Petitioner has properly exhausted Grounds One, Three, and Four by raising them either on appeal or in Petitioner's state habeas, these Grounds are each procedurally defaulted. Ground One is procedurally defaulted because Petitioner could have raised it on direct appeal and is therefore not cognizable in a petition for writ of habeas corpus. ECF No. 10, attach. 5 at 2-3. Ground Three is procedurally defaulted because it was "raised and decided in the trial court and on direct appeal from the criminal conviction, and therefore cannot be raised in a habeas corpus petition." *Id.*, attach. 5 at 2 (citing *Henry v. Warden*, 265 Va. 246, 249 (2003)). Ground Four is procedurally defaulted because it was raised on appeal and "a petition for a writ of habeas corpus may not be employed as a substitute for an appeal." ECF No. 10,

16

attach. 5 at 2.  Petitioner has put forth no cause or prejudice that would allow him to overcome procedural default.

Alternatively, "in order to demonstrate that a miscarriage of justice would result from the refusal of the court to entertain the collateral attack, a movant must show actual innocence by clear and convincing evidence." *Mikalajunas*, 186 F.3d at 493; *Herrera*, 506 U.S. at 404 (explaining that a claim of actual innocence is "a gateway through which a habeas petitioner must pass to have his otherwise barred constitutional claim considered on the merits").  This "exception only applies in limited circumstances: 'The petitioner must show that it is more likely than not that no reasonable juror would have convicted him in light of the new evidence.'" *United States v. Jones*, 750 F.3d 579, 584 (4th Cir. 2014) (quoting *Schulp v. Delo*, 513 U.S. 298, 327 (1995)).  To state such a claim, "the petitioner must satisfy a 'rigorous' burden by 'support[ing] his allegations of constitutional error with new reliable evidence.'" *Smith v. Warden*, 7:17CV00072, 2017 U.S. Dist. LEXIS 106192, at *4 (W.D. Va. June 26, 2018) (alteration in original) (quoting *Schulp*, 513 U.S. at 324).  Petitioner contends there is actual innocence because:

> [Petitioner] produce [sic] an unimpeached alibi witness, Troy L. Fields, who testified that he and [Petitioner] was [sic] together the evening of May 21, 2011. The court acknowledge the fact that [Petitioner's] alibi witness (Fields) was unimpeached. T[rial] T[ranscript] page 317.  The Commonwealth bears the burden of proving each element of a crime beyond a reasonable doubt.  Detective Nichols testified fingerprint on candle wasn't [Petitioner]'s, but [Petitioner] was still charged with attempted arson.

ECF No. 3 at 19.  Respondent does not contest that Petitioner's alibi witness, Troy Fields, was not impeached, but rather argues that Petitioner has failed to carry his burden under the rigorous standard of actual innocence because Petitioner has presented no new evidence that was not available at trial.  ECF No. 10 at 19-21.  Respondent is correct, new evidence that was not

17

available at the time of trial is essential to a successful showing of actual innocence. *Jones*, 750 F.3d at 584; *Schlup*, 513 U.S. at 327. Thus, because Troy Fields was available at the time of trial, and in fact was a witness for Petitioner during trial, his testimony is not evidence upon which Petitioner can rely to overcome procedural default.[13]   The undersigned **FINDS** that Grounds One, Three, and Four are procedurally defaulted without any demonstration of cause for the defaults nor any new evidence to support a claim of actual innocence that would prevent a miscarriage of justice.   Accordingly, the undersigned **RECOMMENDS** that Grounds One, Three, and Four be **DISMISSED**.

Therefore, the Court has jurisdiction to consider the merits of the Petition only with respect to Ground Two.

B. Standard of Review: 28 U.S.C. § 2254(d)

Habeas relief is warranted only if Petitioner can demonstrate that the adjudication of his claims by the state court "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States" or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d).   Thus, federal habeas relief is precluded, so long as "fairminded jurists could disagree" on the correctness of the state court's decision. *Harrington v. Richter*, 562 U.S. 86, 102 (2011). "If this standard is difficult to meet, that is because it was meant to be.   As amended by the AEDPA,[14] § 2254(d) stops short of imposing a complete bar on federal-court relitigation of claims already rejected in state proceedings." *Id.* ("It preserves authority to issue the writ in cases where there

---

[13] Regardless of whether the witness Fields was or was not "impeached," the jury by its verdict determined his credibility, as was solely within their province. *See Coppola v. Commonwealth*, 257 S.E.2d 797, 803 (Va. 1979); VA. MODEL JURY INSTRUCTIONS – CRIMINAL, Instruction No. 2.500 (S. CT. OF VA. MODEL JURY INSTRUCTION COMM. 2018-19).
[14] Antiterrorism and Effective Death Penalty Act of 1996.

is no possibility fairminded jurists could disagree that the state court's decision conflicts with this Court's precedents. It goes no further."). In other words, "AEDPA prohibits federal habeas relief for any claim adjudicated on the merits in state court, unless one of the exceptions listed in § 2254(d) obtains." *Premo v. Moore*, 562 U.S. 115, 121 (2011).

In *Williams v. Taylor*, the Supreme Court explained that the "exceptions" encapsulated by § 2254(d)(1)'s "contrary to" and "unreasonable application" clauses have independent meaning. 529 U.S. 362, 404-05 (2000). A federal habeas court may issue the writ under the "contrary to" clause if the state court applies a rule different from the governing law set forth in Supreme Court cases, or if it decides a case differently than the Supreme Court has done on a set of materially indistinguishable facts. *Id.* at 405-06. This Court may grant relief under the "unreasonable application" clause if the state court correctly identifies the governing legal principle from Supreme Court decisions, but unreasonably applies it to the facts of the particular case. *Id.* at 407-08; *see also Woodford v. Visciotti*, 537 U.S. 19, 27 (2002) ("The federal habeas scheme leaves primary responsibility with the state courts for these judgments, and authorizes federal-court intervention only when a state-court decision is objectively unreasonable."). "The focus of the [unreasonable application] inquiry is on whether the state court's application of clearly established federal law is objectively unreasonable, and . . . an unreasonable application is different from an incorrect one." *Bell v. Cone*, 535 U.S. 685, 694 (2002).

In making this determination under Section 2254(d)(1), the Court "is limited to the record that was before the state court that adjudicated the claim on the merits." *Cullen v. Pinholster*, 563 U.S. 170, 181-82 (2011) ("Section 2254(d)(1) refers, in the past tense, to a state-court adjudication that 'resulted in' a decision that was contrary to, or 'involved' an unreasonable application of, established law. This backward-looking language requires an examination of the

19

state-court decision at the time it was made. It follows that the record under review is limited to the record in existence at that same time i.e., the record before the state court."). Thus, it is this Court's obligation to focus "on the state court decision that previously addressed the claims rather than the petitioner's freestanding claims themselves."[15] *McLee v. Angelone*, 967 F. Supp. 152, 156 (E.D. Va. 1997); *see also Williams*, 529 U.S. at 412-13 (explaining that the Court independently reviews whether that decision satisfies either standard). Additionally, in undertaking such review, this Court is mindful that "a determination of a factual issue made by a state court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

C. Ground Two: Ineffective Assistance of Counsel

Petitioner's Ground Two alleges "ineffective assistance of counsel, thus violating the Sixth Amendment of the U.S. Constitution" and argues in support of this claim:

> [Petitioner] filed a motion to remove counsel on March 15, 2014, conflicts with counsel, court denied motion. On April 7, 2014, befour [sic] the trial stared [sic] the [Trial] [C]ourt asked [Petitioner] was he satisfied with his attorney's services, [Petitioner] responded "No"!! Counsel failed to subpoena key police reports, failed to subpoena key witnesses that would have cooperated [sic] [Petitioner's] alibi defense[,] and was dishonest with [Petitioner].

ECF No. 3 at 7.

Because there is no allegation that the state courts decided Petitioner's state habeas endeavors "differently than th[e United States Supreme] Court has on a set of materially indistinguishable facts," *Williams*, 529 U.S. at 413, the relevant exception is "permitting relitigation where the earlier state decision resulted from an 'unreasonable application of' clearly established federal law" and "[t]he applicable federal law consists of the rules for determining

---

[15] Pursuant to § 2254(d), the federal court must look to the state court decision that was "adjudicated on the merits in State court proceedings . . . resulting in a decision." *McLee v. Angelone*, 967 F. Supp. 152, 156 (E.D. Va. 1997). In this case, the qualifying state court decision on the merits is the Supreme Court of Virginia's January 5, 2018 Order dismissing and denying Petitioner's state habeas petition. ECF No. 10, attach. 5.

when a criminal defendant has received inadequate representation as defined in *Strickland*," *Premo*,, 562 U.S. at 121 (citing *Harrington*, 562 U.S. at 100; 28 U.S.C. § 2254(d)(1)); *see also Strickland v. Washington*, 446 U.S. 668 (1984).

Generally, to have been entitled to habeas relief in state court for ineffective assistance of counsel claims under the Sixth Amendment, Petitioner had to show both that (1) his Trial Counsel provided deficient assistance, and (2) that he was prejudiced as a result of Trial Counsel's deficiency. *Strickland*, 446 U.S. at 700 (conceptualizing the inquiry as two required prongs: a deficiency prong and a prejudice prong). First, to establish deficient performance, Petitioner was required to show that "counsel's representation fell below an objective standard of reasonableness." *Id.* at 688-89 (holding that there is a strong presumption that trial counsel provided reasonable professional assistance). Second, Petitioner was also required to demonstrate "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 687, 693-94 (holding that counsel's errors must be "so serious as to deprive the defendant of a fair trial," and that a petitioner must "show that the errors had some conceivable effect on the outcome of the proceeding").

The United States Supreme Court summarized the high bar faced by petitioners in a federal habeas proceeding where a petitioner's Sixth Amendment ineffective assistance of counsel claims were previously rejected by the state court:

> Establishing that a state court's application of *Strickland* was unreasonable under § 2254(d) is all the more difficult. The standards created by *Strickland* and § 2254(d) are both 'highly deferential,' . . . and when the two apply in tandem, review is 'doubly' so. . . . The *Strickland* standard is a general one, so the range of reasonable applications is substantial. . . . Federal habeas courts must guard against the danger of equating unreasonableness under *Strickland* with unreasonableness under § 2254(d). When § 2254(d) applies, the question is not

21

whether counsel's actions were reasonable.  The question is whether there is any reasonable argument that counsel satisfied *Strickland*'s deferential standard.

*Premo*, 562 U.S. at 122-23 (quoting *Harrington*, 562 U.S. at 105); *see also Knowles v. Mirzayance*, 556 U.S. 111, 123 (2009) ("Under the doubly deferential judicial review that applies to a *Strickland* claim evaluated under the § 2254(d)(1) standard . . . Mirzayance's ineffective-assistance claim fails.") (citing *Yarborough v. Gentry*, 540 U.S. 1, 5-6 (2003) (per curiam)).

Here, for Petitioner to be granted habeas relief on Ground Two, he must demonstrate that Defense Counsel provided ineffective assistance of counsel which fell below the permissible minimum level of effectiveness by failing to subpoena and call key witnesses or subpoena key police reports, and that Defense Counsel's failure to do so prejudiced Petitioner such that the outcome likely would have been different.

As stated *supra*, Petitioner's Ground Two was raised before the Supreme Court of Virginia as ground (B) of Petitioner's state court habeas petition.[16]  ECF No. 10, attach. 5 at 1-2. The Supreme Court of Virginia addressed the merits of both these claims.  *Id.*  Specifically, the Supreme Court of Virginia stated:

> In claim (B), [P]etitioner contends he was denied the effective assistance of counsel because counsel failed to subpoena "key reports" and "key witnesses" and because counsel was dishonest with petitioner.

---

[16] Petitioner also raised two other ineffectiveness claims in his state habeas petition under claim (2) and portions of claim (6) in which Petitioner argued he was denied effective assistance of counsel because counsel failed to subpoena potential alibi witness or to offer into evidence receipts obtained by Longshots Billiards and Darts ("Longshots"). ECF No. 10, attach. 5 at 3.  In support of this claim, Petitioner proffered two receipts, one from May 21, 2011, and the other from June 5, 2011, time stamped between 9:25 p.m. and 9:52 p.m.  *Id.*  Petitioner does not proffer who Defense Counsel failed to subpoena or explain their significance but referred to a letter from Defense Counsel in which counsel stated he had subpoenaed "Mark Arrigo; Jamie; Felicia; Crystal; and the custodian of records for ADT."  *Id.* (incorporating into its opinion quoted language from Defense Counsel's letter).  The Court need not address these claims as they appear to be distinct from what is presently claimed.  Petitioner has provided no specifics about what or whom, if anyone or anything, Defense Counsel failed to subpoena.  However, to the extent that Petitioner's state habeas claims (2) and (6) have any import into the Petition's Ground Two, the Court agrees with the analysis and conclusion of the Supreme Court of Virginia, which held Petitioner failed to satisfy either prong of the *Strickland* test.  *Id.* at 3-4.

> The Court holds claim (B) satisfies neither the "performance" nor the "prejudice" prong of the two-party test enunciated in *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Petitioner fails to identify the reports or witnesses he contends counsel should have subpoenaed, to explain what information or evidence the reports and witnesses could have provided, or to articulate how such evidence or information might have been helpful to his case.  Similarly, [P]etitioner fails to articulate in what way counsel was dishonest, or to explain how counsel's alleged dishonesty negatively impacted the outcome of [P]etitioner's case.  Thus, [P]etitioner has failed to demonstrate that counsel's performance was deficient or that there is a reasonable probability that, but for counsel's alleged errors, the result of the proceedings would have been different.

*Id.*  The Supreme Court of Virginia found that neither *Strickland* prong was satisfied, and the undersigned must conclude that such a finding was not unreasonable.  *Id.*  Petitioner's vague allegations of ineffectiveness are insufficient to establish either prong of *Strickland*.  Petitioner failed to state whom Defense Counsel failed to subpoena and what that person or persons would have testified to.  Petitioner also failed to state what police reports Defense Counsel failed to obtain and what bearing those reports would likely have had on Petitioner's case.  Further, Petitioner did not state how Defense Counsel was dishonest with Petitioner and how that would likely have affected Petitioner's trial.  Based on Petitioner's sweeping generalizations, with respect to the performance prong of the *Strickland* analysis, Defense Counsel's conduct in not subpoenaing certain witnesses or police reports cannot be considered to fall below any objective standard of reasonableness.  Furthermore, with respect to the prejudice prong of the analysis, it cannot be considered that, had Defense Counsel done as Petitioner demands, the result of the proceeding would have been different.  Therefore, the undersigned **FINDS** that the state court's consideration and ultimate denial of Plaintiff's state court habeas petition claim (2) was neither unreasonable nor contrary to federal law.  Accordingly, the undersigned **RECOMMENDS** that Ground Two be **DENIED AND DISMISSED**.

## III. RECOMMENDATION

For these reasons, the undersigned **RECOMMENDS** that Respondent's Motion to Dismiss, ECF No. 8, be **GRANTED**, and Davis's Petition, ECF No. 3, be **DENIED** and **DISMISSED WITH PREJUDICE.**

## IV. REVIEW PROCEDURE

By receiving a copy of this Report and Recommendation, Petitioner is notified that:

1. Any party may serve on the other party and file with the Clerk of this Court specific written objections to the above findings and recommendations within fourteen days from the date this Report and Recommendation is forwarded to the objecting party, *see* 28 U.S.C. § 636(b)(1)(C) and Federal Rule of Civil Procedure 72(b), computed pursuant to Federal Rule of Civil Procedure Rule 6(a). A party may respond to another party's specific written objections within fourteen days after being served with a copy thereof. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

2. A United States District Judge shall make a *de novo* determination of those portions of this Report and Recommendation or specified findings or recommendations to which objection is made. The parties are further notified that failure to file timely specific written objections to the above findings and recommendations will result in a waiver of the right to appeal from a judgment of this Court based on such findings and recommendations. *Thomas v. Arn*, 474 U.S. 140 (1985); *Carr v. Hutto*, 737 F.2d 433 (4th Cir. 1984), *cert. denied*, 474 U.S. 1019 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984), *cert. denied*, 467 U.S. 1208 (1984).

24

The Clerk is **DIRECTED** to forward a copy of this Report and Recommendation to Petitioner and to counsel for Respondent.

_____/s/_____
Lawrence R. Leonard
United States Magistrate Judge

Lawrence R. Leonard
United States Magistrate Judge

Norfolk, Virginia
December 18, 2018